SAVOY, Judge.
This is an appeal from the judgment of the district court denying-injunctive relief and damages in a suit filed by plaintiff against defendant. The trial judge has summarized the facts in the instant case, and the only question before this Court is one of law. The facts as found by the trial judge are as follows:
"Straus Frank Company, owner of the trade name ‘Lake Auto Parts’ is seeking to enjoin Curlin Brown from using the trade name ‘Lake Auto Supply’ for Mr. Brown’s business located in Lake Arthur, Louisiana. Both businesses sell auto parts. ‘Lake Auto Parts’ sells primarily to wholesale accounts with a small volume to retail accounts ‘Lake Auto Supply’ sells primarily to retail *571 accounts, with a small volume to wholesale accounts.
“ ‘Lake Auto Parts’ has one branch store in Lake Charles and another in Sulphur, Louisiana. The company plans to expand and locate one or more branch stores in Jefferson Davis Parish. ‘Lake Auto Parts’ has always had its principal place of business in Lake Charles, Louisiana, but has employed a traveling salesman to call on accounts in Jefferson Davis Parish for many years. All of these accounts in Jefferson Davis Parish are wholesale accounts. The salesman responsible for the Jefferson Davis Parish business testified that he has five accounts in Lake Arthur; seven accounts in Welsh; a small number of accounts in Jennings, and one account in Thornwell. This salesman testified that the Lake Arthur customers are still purchasing from him, but that the volume has decreased.
“Plaintiff advertises its business in Jefferson Davis Parish by sending calendars, trade literature and memorandum pads to its customers. On each of these items plaintiff plainly stated that its business houses are located in Lake Charles and Sulphur. So far as the record shows plaintiff uses no other type of advertising.
“Defendant knew that plaintiff was operating under the name ‘Lake Auto Parts’ when he decided to open his store in Lake Arthur using the name ‘Lake Auto Supply’. As soon as Mr. Van Norman, manager of plaintiff’s business, knew that defendant had opened the Lake Arthur store with the name ‘Lake Auto Supply’, Mr. Van Norman wrote to defendant requesting that defendant change the name of his Lake Arthur business. When defendant refused, this suit followed.
“Plaintiff brought evidence showing that the Lake Charles Post Office employees on several occasions routed defendant’s mail to the plaintiff. In addition plaintiff proved that there were some four to six cases where supply houses erroneously charged plaintiff with defendant’s purchases. Further, plaintiff proved that an employee of one of plaintiff’s regular Lake Arthur customers asked if the ‘Lake Auto Supply’ business in Lake Arthur was a branch of ‘Lake Auto Parts’. Plaintiff’s salesman immediately answered this question, and there seems to have been no further confusion with this customer or with any of the other regular Jefferson Davis Parish customers.
“An employee of Plalliburton, who was and still is one of plaintiff’s customers, asked defendant’s store manager if the ‘Lake Auto Supply’ was connected with plaintiff’s stores. Defendant’s employee answered in the negative. Nevertheless the Halliburton employee purchased the needed item from defendant over the counter.
“This suit was filed April 6, 1962, and was tried on December 20, 1962. Since April, 1962, there has been no confusion such as has been above referred to either by the post office, by any of plaintiff’s regular customers or by the general public trading with defendant.
“As has been noted above the extent of the trade activities of the plaintiff in Jefferson Davis Parish consists of calling on some 20 regular customers at their places of business in connection with wholesale sales. All of the orders taken were subsequently filled and delivered during the following week either by plaintiff’s delivery truck which called once a week or by parcel post. In some instances the purchaser would go to Lake Charles to pick up parts.”
It is the contention of counsel for defendant that when a party relies on a secondary or special meaning of a trade name, which by itself can never be the property of one exclusively, he must establish that the use by the defendant in that situation amounts to a false representation, expressed or implied, designed or incidental, that he is trading upon the plaintiff’s name and thereby it is actually as a result of the use of the name or similar name alone that is causing plaintiff real or material harm, or *572 that the continued use of the name can result in only harm to plaintiff’s business by the result only of the ttse of plaintiff’s trade name or a name similar thereto.
Plaintiff, on the other hand, takes the position that it is immaterial whether or not the defendant acted with fraudulent intent to harm plaintiff.
Counsel for defendant relies heavily on the case of Home Beverage Service v. Baas, 210 La. 873, 28 So.2d 481, to sustain his position; however, that case is distinguishable on its facts from the instant case.
This Court is of the opinion that the facts of the instant case are similar to those in Capehart v. Lund, D.C., 107 F.Supp. 10. In that case the plaintiff established a motor trucking business, operating his trucks between Anchorage and Seward, Alaska, and other cities. Later the defendant commenced operations between Anchorage and Seward and adopted the name of “Anchorage Freight Distributors”. Plaintiff sought to enjoin the infringement of his trade name “Anchorage Freight Lines”. The defendant contended that the words “Anchorage Freight” were geographical and descriptive of the services, and, hence, the use of them could not become the basis for the rights asserted by plaintiff. The court, in granting an injunction and upholding the contentions advanced by plaintiff, stated that the contention advanced by defendant was a well known limitation on the establishment of trademarks, but was not applicable to trade names, citing Sections 715 and 716, Restatement of Torts. The court held further that it is immaterial whether or not the defendant acted with fraudulent intent to harm the plaintiff, citing Section 717, comment (a), Restatement of Torts.
This Court is of the opinion that the use by defendant of the name “Lake Auto Supply”, whereas plaintiff has used the name “Lake Auto Parts” for many years, is misleading to the public and injurious to plaintiff’s business, and that an injunction should be granted in the premises.
Counsel for plaintiff has also asked for damages. After reading the record, this Court does not believe that it can award plaintiff damages in the instant case under the evidence adduced therein. Plaintiff is reserved the right to sue for damages in' another action.
For the reasons assigned, the judgment of the district court is reversed, and judgment is hereby rendered. granting plaintiff a permanent injunction enjoining defendant from using the name “Lake Auto Supply” or any other name similar to that of “Lake Auto Parts”. Costs of this proceeding to be paid by defendant-appellee.
• Reversed and rendered.